(113 So. 650)

## BRADFORD v. STATE. (6 Div. 189.)

Court of Appeals of Alabama. June 21, 1927.

Rehearing Denied Aug. 2, 1927.

F. F. Windham, and J. H. Countryman, both of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

RICE, J. This appellant was found guilty of drawing and delivering a check to one Phifer, with intent to injure or defraud, knowing at the time that she did not have sufficient funds in or credit with the bank on which it was drawn for the payment of such check on due presentation thereof, and by means of such pretense fraudulently obtained house rent to the value of $25, the property of said Phifer.

Phifer testified that the check was given him by appellant as advance payment for one week's rent of a furnished house; that the check was given on Monday, to cover rent for the week ending the following Saturday; that appellant did not remain in the house the full week; that appellant had been occupying the premises for some time under a like arrangement, paying weekly in advance; that witness could not swear appellant stayed in the house another day after the check was given; and that he deposited the check in bank and got no money on it.

The state offered the check in evidence. Defendant objected to its introduction on the ground that no consideration for the check had been shown. The court overruled the objection, and defendant excepted.

In this we think there was error. The crime denounced by the statute is the ob-

taining, by the giving of a worthless check, of money, property or other thing of value—in other words that the check was founded upon a valuable consideration. When the evidence of the state affirmatively showed a lack of consideration, the objection to the introduction of the check was timely and should have been sustained.

For the error indicated, the judgment will be reversed and the cause remanded.

Reversed and remanded.